UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JEROME L. GRIMES,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 8:26-cv-01931-HDV-JDE

ORDER OF DISMISSAL

## I.
## BACKGROUND

On July 17, 2026, Jerome L. Grimes ("Plaintiff") filed a Complaint against the Social Security Administration ("SSA"), asserting claims for "Negligence, Supervisory Negligence, Retaliation Against Non-Federal & Non-State Employee Whistleblower." Dkt. 1 ("Complaint").

Plaintiff alleges, in relevant part, that SSA "unjustly DISCONTINUED, BANNED, or/and CUTOFF . . . DISABILITY BENEFITS . . . . because of [SSA's] NEGLIGENCE . . . on or thru May 08, 2023-June 26, 2023," using "SSA Employee(s') Incompetence ROUSE with elucidated Malice Intent (e.g.,

RETALIATION; INTIMIDATION; MAIL FRAUD; DISCRIMINATION; BLAME THE VICTIM M.O. PRE-TEXT PIECE-MEAL INTER-STATE FRAUD ACTIONS; FEDERAL ACTOR MISCONDUCT" involving a "Co-shill" Deputy Sheriff in California and the Colorado Springs Sheriff's Office. Complaint at 1-2. He further alleges misconduct by other "Co-shills," including "fraudsters" who "lured" Plaintiff on Halloween to a "crime scene" with motives of cannibalism, organ smuggling, and child abduction concealment, fraud against a fetus," extortion of Plaintiff's parents, and "38-Caliber Handgun Violence," motivated by Plaintiff's "crude oil inheritances." Id.at 2-3. Plaintiff also references the "Zodiac Killers Encryptic Notes & Copycat SUSPECTS" and other "unsolved mysteries." Id. at 3-4. He references "persons" having a "slip and fall accident incident claim" on an unspecified date at SSA's Appeal Office (offices in Oceanside, California and Orlando, Florida, each outside of this District, are referenced). Id. at 4. He further references nine SSA employees who showed "historical deliberate indifference" in July 2012 and July 2016, perhaps relating to "1960's Encryptic Notes Mass Zodiac Killers Unsolved Mysteries Modus Operandi being the 21st day of the month of July 2012," when Plaintiff's mother "was illegally medical upcoded kidnapped covertly murdered." Id.at 6. Plaintiff seek $3,1000,000 in damages. Id. at 8.

For the reasons explained below, the Court finds it lacks jurisdiction over the action and dismisses the Complaint without prejudice.

## II.

## DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). A district court's jurisdiction to resolve a case on its merits requires a showing that it has both subject matter and personal jurisdiction. Ruhrgas AG v. Marathon Oil

Co., 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am., Inc. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992) (as amended) (citation omitted).

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003); Rule 12(h)(3). A plaintiff "must allege facts, not mere legal conclusions," to invoke the court's jurisdiction. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993). A waiver of such immunity "cannot be implied, but must be unequivocally expressed." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Such a waiver "is a prerequisite for jurisdiction" for a civil action for damages against the United States. Id. (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). "Where a suit has not been consented to by the United States, dismissal of the action is required." Id. The United States has not waived sovereign immunity as to constitutional claims for damages. Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); see also Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988).

Although claimants may seek judicial review in federal district court of unfavorable final decisions of the Commissioner of Social Security on disability applications in certain circumstances, see 42 U.S.C. §§ 405(g), (h), Plaintiff does not allege he is seeking such review here. Nor does he facially

assert a claim under the Federal Tort Claims Act ("FTCA"), which creates a limited waiver of sovereign immunity for claims for damages against the United States. Meyer, 510 U.S. at 475. Nor can the Complaint even liberally construed be interpreted to assert such a claim as, among other things, such a claim may only be brought against the United States, not against an agency. See Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (per curiam).

Plaintiff's claims for $3,100,000 in damages against SSA are barred by sovereign immunity. As such, the Court lacks subject matter jurisdiction and the action must be dismissed.

The Court previously found Plaintiff has had at least three prior cases dismissed for being frivolous or for failing to state a claim by other district courts. See Jerome L. Grimes v. Inglewood Memorial Cemetery, et al., (C.D. Cal.) Case No. 2:25-cv-08211-HDV-JDE, Dkt. 10 ("Prior Dismissal Order"). The Prior Dismissal Order referenced a prior finding by the United States District Court for the Northern District of California that dismissed 12 cases filed by Plaintiff under 28 U.S.C. § 1915(g) based on a finding that Plaintiff had filed "hundreds of civil rights actions" in that district. Based on the allegations in the Complaint and Plaintiff's experience as a federal litigant, it is apparent that that the defects here are not merely the result of inartful pleading but are instead legal defects. As such, leave to amend is not warranted.

## III.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Judgment be entered dismissing this action without prejudice.

Dated: 8/17/26

/s/Hernan D. Vera
HERNÁN D. VERA
United States Magistrate Judge